# PRACTICE REPORTS.

## COURT OF APPEALS.

### George Bowman, Respondent, agt. William M. Tallman, Appellant.

There is no authority for the claim that an *attorney and counsellor at law* is not entitled to compensation for his services, on the mere ground that they produced no beneficial result.

The extent of the rule, is, that when the services for which compensation is claimed are useless to the client, by reason of the *negligence or the want of proper skill* in the attorney, then the latter is entitled to no compensation.

Where the correctness of the advice given, and therefore, the propriety and wisdom of the course pursued by the plaintiff, an attorney and counsellor at law, for the accomplishment of his client's wishes, viz.: a sale of real estate of infants, depended upon the construction of a will, and also upon the force and effect of a statute:

*Held,* that it not having been authoritatively decided—but the question left open by the court of errors, whether a proceeding for the sale of infant's lands *under the statute,* would not be effectual to pass a perfect title, where the fee vested in such infants was liable to open and let in persons yet unborn; it was a fair question for consideration and the exercise of professional judgment, and although the supreme court had declared the proceedings taken by the plaintiff for a sale of the infants' property under the statute ineffectual to pass to the purchaser a perfect title, the question was not so plain that to have thought otherwise and to have acted on that opinion, was a failure to exercise that reasonable care and skill which the attorney was bound to exercise within the reported cases, consequently, the plaintiff was entitled to compensation for such services.

Whether the defendant was *personally* liable for the payment of the plaintiff's services, was a question, under the evidence, properly left to the jury, and they having found that he was so liable, this court has no jurisdiction to review their finding.

An employment to render services in general, involves the liability of the employer to make compensation, unless he shows on his part that the understanding or agreement was otherwise. It may, however, be inferred from the terms of the employment or the known authority of the party to act for and bind others to such payment.

*June Term,* 1869.

APPEAL by defendant from a judgment entered for the plaintiff in the New York superior court. This case is very

fully reported in 27 *Howard's Practice Reports*, 212, in the superior court, to which reference may be had for a statement of the facts, the pleadings and evidence, and the briefs of counsel on both sides, when the question of the sufficiency of the sale of the infants' property under the statute was before the supreme court, and decided by that court against the validity of the sale.

      GEORGE BOWMAN, *in person*.
      C. J. & E. DE WITT, *for defendant*.

WOODRUFF, J.—In *Godefroy* agt. *Dalton*, (6 *Bing.*, 460,) in the English court of common pleas, TINDAL, chief justice says: "It would be extremely difficult to define the exact limit by which the skill and diligence, which an attorney undertakes to furnish in the conduct of a cause, is bounded; or to trace precisely the dividing line between that reasonble skill and diligence which appears to satisfy his undertaking, and that *crassa negligentia* or *lata culpa* mentioned in some of the cases for which he is undoubtedly responsible.

The cases, however, which have been cited and commented upon at the bar, appear to establish in general that he is liable for the consequences of ignorance or non-observance of the rules of practice of the court; for the want of care in the preparation of the cause for trial; or of attendance thereon with his witnesses; and for the mismanagement of so much of the conduct of the cause as is usually and ordinarily alotted to his department of the profession. Whilst on the other hand, he is not liable for error in judgment upon points of new occurrence, or of nice or doubtful construction, or of such as are usually intrusted to men in the higher branch of the profession of the law." In the application of these views the court held that the attorney was not responsible for neglecting to produce a judgment record as evidence of a previous judgment by default on the

trial of a cause, from an erroneous conception or belief that the book of the prothonotary in which was kept an entry of the judgment by default signed in each term, was competent evidence to establish the fact. And in *Kemp* agt. *Burt*, (4 *Barn. & Ald.*, 424,) attorneys were held not liable in a case where there was doubt whether the course they pursued was not correct; and the plain inference from the language of the court is, that to subject them to an action, they must have been guilty of gross negligence.

In *Lamphire* agt. *Phipos*, (8 *Carr. & P.*, 475,) at *nisi prius*, TINDAL, chief justice instructed the jury in some general rules applicable to professional men in general, thus, " what you will have to say is this, whether you are satified that the injury sustained" (by the plaintiff) " is attributable to the want of a reasonable and proper degree of care and skill in the defendant's treatment. Every person who enters into a learned profession, undertakes to bring to the exercise of it a reasonable and proper degree of care and skill. He does not undertake, if he is an attorney, that at all events, you shall gain your cause, nor does a surgeon undertake that he will perform a cure; nor does he undertake to use the highest possible degree of skill. There may be persons who have a higher education and greater advantages than he has, but he undertakes to bring a fair, reasonable and competent degree of skill," &c.

In actions brought by the attorney to recover the value of his services, another element has been brought into view. Thus in *Montriou* agt. *Jefferys*, (2 *Carr. & P.*, 113,) also at *nisi prius*, ABBOTT, Ch J., instructed the jury, where there was some evidence that the facts and the law applicable thereto, were known to the attorney, and yet, the proper steps for his client's protection in a proceeding before two county magistrates were not taken: " The real question upon this evidence is, whether you think that the expense was brought upon the parties by the *inadvertence* of the

plaintiff? No attorney is bound to know all the law; God forbid that it should be imagined that an attorney, or a counsel, or even a judge is bound to know all the law; or that an attorney is to lose his fair recompense on account of an error, being such an error as a cautious man might fall into. But if you think in this case, that the plaintiff has brought all the expense on the parties by his omitting to give proper information either to them or to the justices, you will, under that impression find your verdict for the defendant."

In several cases cited in notes to this case, (*in* 12 *Eng. C. L. R.*, 52,) the proposition is recognized that in an action for the value of the services of an attorney, if it be shown that by reason of the plaintiff's negligence the services have been of no value to his client, he can recover nothing. Some general expressions might easily be supposed to import the broader proposition that wherever the service has been of no value to the client, there can be no recovery; but it is clear, I think, that no such broad proposition is held or intended, the observation of Ch. J. ABBOTT, forbids any such idea.

In *Hill* agt. *Featherstonhaugh*, (7 *Bing.*, 569,) the attorney had been employed to secure his client by preventing a transfer of a bank stock, and to that end put a *distringas* upon the stock. There was some evidence that a previous *distringas* had been issued, and the solicitor of the bank testified that the *distringas* issued by the attorney was unnecessary for the client's security. It was left to the jury to consider whether the work done was of any use to the defendant, and whether they could infer (from the evidence) that the plaintiff knew of a previous *distringas*, and had advised a second. On the review, chief justice TINDAL says: "I have always thought that if an attorney *through inadvertence or inexperience* incurs trouble which is useless to his client, he cannot make it the subject of remuneration, the meaning of which is, a reward for useful labor,"

&c., "it seemed clear to me that the plaintiff had acted with full knowledge of ' the former *distringas,*' and I left it to the jury to say, whether they would infer that the plaintiff had advised the second *distringas* and *was aware* of the first, and then comes the question whether the second *distringas* was of any use, &c., it was for the jury to say whether it was useless to the defendant, and *whether the plaintiff knew it to be so,* when it appeared by the correspondence that he had seen the solicitor of the bank before he proceeded."

GASELEY says, a client is entitled to expect the exercise of competent skill; the attorney has not an unlimited discretion, and is not to pursue a course which will be manifestly useless to his employer. The question here was, whether the business done was necessary for accomplishing the object which the defendant had in view when he retained the plaintiff? The other judges state the question to be simply whether what was done was necessary for the object the employer had in view. But, I think it manifest upon the whole case, that this narrowing of the question was upon the clear assumption, that if the work done was useless, the attorney must have known it to be so.

The language cited from BAYLEY, J., in *Duncan* agt. *Blundell,* (3 *Stark. N. P.,* 6,) that " where a person is employed in a work of skill, the employer buys both his labor and his judgment; he ought not to undertake the work if it cannot succeed, and *he should know* whether it will or not," is far too harsh to be true without qualification. It would make an attorney the guarantor of success in every prosecution he advises and undertakes, and in every defense which by his advice is interposed; no such rule could be endured by a profession in which one or the other of the parties to every litigation must fail. And the illustration of ALDERSON, J., in the case above cited, (*Hull* agt. *Featherstonhaugh,*) better states the extent of the rule acted upon. " In the case of a medical man, if an opera-

tion *which might have* been useful, has merely failed in the event, he is nevertheless entitled to charge, but if it could have been useful in *no event*, he would have no claim on the patient."

The decision in the last case was again reiterated in a case in which the court deemed the verdict against the weight of evidence, but in which they were on the review confined to the mere inquiry whether the jury were properly instructed, (*Shaw* agt. *Arden*, 9 *Bing.*, 287,) and the question is stated to have been " whether the work was necessary for the plaintiff, (the client) or was entered on from the defendants' own zeal, and a view of making business for their own advantage; that it was useless to the plaintiff appears from the result; the result alone would not, indeed, be conclusive to show that it was improperly undertaken, but that was a question for the jury on which the evidence was conflicting."

And in *Bracey* agt. *Carter*, (12 *Ad. & Ellis.*, 373; 40 *Eng. C. L. R.*, 74,) the rule deducible from these cases is found in the proposition that " if an attorney, conducting a suit, commits an act of negligence by which all the previous steps become useless in the result, he cannot recover for any part of the business done."

This collection and statement of the cases in England, most of which have been cited and relied upon by the counsel for the appellant, shows that they are no authority for the claim, that the plaintiff is not entitled to compensation for his services, on the mere ground that they produced no beneficial result.

The extent of the rule is, that when the services for which compensation is claimed, are useless to the client, by reason of the negligence or the want of proper skill in the attorney, then the latter is entitled to no compensation.

The question, therefore, recurs, did the case now before us disclose such negligence or want of skill ? For it seems to me to be clear, that the fruitless endeavors to dispose of

the real estate to which the services related were of no value in fact to the defendant, or to those for whose benefit the proceedings were taken.

No testimony was given on the trial by any expert in the law for the purpose of proving as a fact in the case, that the plaintiff in advising the proceeding, acted unskilfully, or that he did not in good faith, exercise a fair judgment upon the question to which his advice was directed, or even that the opinion by which he was governed in the institution and carrying on of the proceeding, was not correct.

The result, and the views of the court upon the law, were, therefore, the guide of the court, on the trial below, to a determination of the question.

The correctness of the advice given, and therefore, the propriety and wisdom of the course pursued by the attorney for the accomplishment of his client's wishes, viz.: a sale of the property, depended upon the construction of a will, and also upon the force and effect of a statute.

It had not been authoritatively decided, that a proceeding for the sale of infants' lands under the statute—would not be effectual to pass a perfect title, where the fee vested in such infants, was liable to open and let in persons yet unborn. An opinion had been expressed in the court of last resort, that such a sale would be effectual to pass a good title to the purchaser; a counter opinion had also been expressed, but other of the judges had refused to express an opinion on the point.

It was a fair question for consideration, and the exercise of professional judgment. The analogy of the rule in case of partition and sale under the jurisdiction and power of the court of chancery, was not remote or irrelevant. In my judgment, the brief used in the proceeding taken by the plaintiff, and found in the case before us, show that the plaintiff's views could be and were sustained by fair argument upon the construction of the statute, its purpose and

design and the analogy referred to, and the peculiar situation of the property itself, appealed strongly to the court to give to the statute such liberal construction as would tend to facilitate a sale, plainly demanded by the interest of the infants in being, and of any who might thereafter be born.

However clear I may be, that the proceeding was rightfully held in the supreme court, ineffectual to pass to the purchaser a perfect title, I do not think, that the question was so plain that to have thought otherwise, and to have acted on that opinion, was a failure to exercise that reasonable care and skill which the attorney is bound to exercise, within the cases above referred to. It is of some significance, and the members of the profession have a right so to regard it, that a difference of opinion on the point had already appeared in the highest court in the state, and the point was there left undecided.

To hold that the plaintiff was proved wanting in reasonable professional skill, because he adopted and acted upon one side of the question thus left open, would be a most oppressive rule to the legal profession, and often require them at the peril of actions for damages, or at least of loss of all compensation, to be wiser and more skillful than those whose duty it is to declare the law.

As to the question whether the defendant was personally liable for the services in question, the case was put to the jury under instructions highly favorable to the defendant, and they have in substance, found that the defendant intended to be personally liable for the plaintiff's compensation, or in other words, that he agreed to pay therefor. There was testimony in the cause from which that might reasonably be inferred. Indeed, an employment to render services in general, involves the liability of the employer to make compensation, unless he shows on his part that the understanding or agreement was otherwise. It may, it is true, be inferred from the terms of the employ-

ment or known *authority* of the party to act for, and bind others to such payment.

There was no error in leaving the question to the jury, and, we have, therefore, no jurisdiction to review their finding.

Whatever, I might conclude upon the merits of the whole case if I were sitting to try the action upon all the issues, I do not perceive that any error in law was committed for which the judgment should be reversed; it must, therefore, be affirmed.