CRANMER v. BUILDING AND LOAN ASSOCIATION OF DAKOTA.

1. In the absence of an express contract, a party to an action who requests an attorney at law to appear and answer therein becomes liable to pay a reasonable compensation therefor, and when such attorney has testified in his own behalf, in an action to recover for his services, that the same are reasonably worth a specified amount, it is error to sustain objections to questions on cross-examination relative to the character and extent of such services, and which tend to elicit statements from the witness designed to show that by reason of his carelessness or unskillfulness the suit was lost, and that his services were worth less than the amount claimed, or were entirely valueless.

2. In an action on a contract to indemnify plaintiff against damages that might be sustained by himself, his heirs or assigns, by reason of certain mechanics' liens existing upon a building sold by defendant to plaintiff

he cannot recover without showing that he was injured or became liable to another for damages occurring to such building after he has sold the same, and after the foreclosure of the lien and sale of the property on execution.

(Syllabus by the Court.    Opinion filed Dec. 6, 1894.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action on an indemnity contract. There was a judgment for plaintiff, and defendant appeals. Reversed.

The facts are stated in the opinion.

*H. H. Potter, C. E. Reed* and *John H. Perry,* for appellant.

Payment and discharge of a liability by the obligee, must precede recovery on a bond to indemnify against damages. Brandt, Guaranty and Suretyship, § 191; Smith v. Railroad, 18 Wis. 19; Thompson v. Taylor, 30 Wis. 68; Michigan v. Hastings, 41 A. D. 549; Wilson v. Stilwell, 75 A. D. 549; Waller v. Eamls, 2 A. Rep. 150; Wilson v. Smith, 23 Ia. 252; 3 Parsons Cont. 185.

*F. A. Luse,* for respondent.

FULLER, J.    From the allegations of the complaint in this action it is made to appear, among other things, that on the 7th day of April, 1890, plaintiff purchased from the defendant, a corporation, a certain frame building, and that as a part of the transaction the defendant agreed to indemnify the plaintiff, his heirs and assigns, from all damages, costs and expenses that might be sustained by reason of the foreclosure of a certain mechanic's lien upon the property, then existing, in favor of S. M. Van Loon; that immediately after plaintiff purchased the property he sold the same and agreed to place said building upon the premises of his vendee free from all incumbrance of every kind and nature; that afterwards Mr. Van Loon instituted a suit to foreclose his lien, and plaintiff, who was made a party defendant, notified the defendant herein, and answered the complaint in said action, and, notwithstanding his best efforts to prevent a recovery, a judgment of foreclosure was en-

tered, and the building was sold on execution, and purchased by said Van Loon, in satisfaction of the amount of his lien, including costs and disbursements; that in order to protect the title to the property, as required under his contract with the person to whom he had sold the same, plaintiff was required to pay said Van Loon $250 in satisfaction of said lien and judgment; that the officer in attempting to remove the building, in execution of the judgment, damaged the same in the sum of $50; and that in the defense of the action to foreclose said lien plaintiff spent much valuable time, and performed services which were of the reasonable value of $50. Plaintiff demands judgment for $350, together with interest, costs and disbursements. Defendant, answering, admits its corporate existence, the existence and foreclosure of the Van Loon lien, and the appearance and answer of plaintiff in said action in his own behalf, and avers that no issue was tendered thereby, and that said cause of action would have been defeated, and no decree of foreclosure would have been obtained, had plaintiff properly defended in said suit. All other material allegations of the complaint were by the answer put in issue by specific denials thereof, and the questions of fact thus raised, and the questions of law involved, were by the court sent to a referee, who found, at the trial, in effect, as matters of fact, that plaintiff purchased the building described in the complaint, and, in consideration of the price paid, defendants made, executed and delivered to plaintiff the contract of indemnity as alleged therein, and that the Van Loon lien was foreclosed, and the property sold by the sheriff, under an execution, to Van Loon, for the amount adjudged to be due, and that after said sale the officer attempted to remove the building from the lot on which it was situated. "4. That the plaintiff is a practicing attorney of said court, and that, at the request of the defendant, the plaintiff appeared and defended the said action brought by the said S. M. Van Loon to foreclose said lien upon said building, and that the reasonable value of plaintiff's services rendered in said action at the

request of the said defendant was fifty dollars. 5. That said building was damaged by the attempt of the officer to remove said building, under said execution, in the sum of fifty dollars. 6. That after the said attempt to remove said building the plaintiff compromised said action and judgment and execution with the said S. M. Van Loon for the sum of $250, and on the 9th day of March, 1891, the plaintiff paid to the said Van Loon, to satisfy the said lien, and judgment and title under said execution, the sum of $250." As conclusions of law the referee found: "1. That the plaintiff is entitled to recover from the defendant the sum of $50 dollars for his services rendered as an attorney in the case of the said S. M. Van Loon for the foreclosure of said lien. 2. That the plaintiff is entitled to recover from the defendant the sum of $50 for the damage to the said building described in the complaint. 3. That the plaintiff is entitled to recover from the defendant the sum of $250, with interest thereon, at the rate of seven per cent. per annum, from the 9th day of March, 1891, for money paid to said S. M. Van Loon to satisfy said judgment." The foregoing findings of fact and conclusions of law were adopted by the court without modification, and plaintiff had judgment thereon against the defendant for $404.86, including costs and disbursements. This appeal is from said judgment, and from an order overruling a motion for a new trial.

The assignments of error and argument of appellant's counsel are addressed to the improper admission of evidence on the part of the plaintiff, the exclusion of evidence on cross-examination offered by defendant, and the insufficiency of the evidence to justify the findings of fact and conclusions of law upon which the judgment is based; but, as a number of the questions discussed by the respective counsel for the plaintiff and defendant will not be likely to arise upon a new trial, they will receive only such attention as a proper determination of the case may require. Plaintiff alleges in his complaint that in attempting to prevent a foreclosure of the mechanic's lien he

spent much valuable time, and rendered valuable services, of the reasonable value of $50, for which he demands judgment; but as he nowhere claims that his services were rendered under a special contract, at an agreed price, we conclude from the allegation and the evidence that he seeks to recover attorney's fees on a *quantum valebant.* At the trial, plaintiff testified in his own behalf that the secretary of the defendant, while in conversation with the witness, said, "Suppose you put in an answer"; and witness testified that he did so, and acted in his own behalf as an attorney in defending the action up to the time judgment was rendered; that the complaint alleged that he claimed to have an interest in the property, and that he denied that in a general denial, and regarded such an answer proper, as he had no interest in the property. The record shows that there were several defendants in the foreclosure proceedings, and the witness testified that he appeared for them all at a term of court, and before the judge at chambers, where the case was finally disposed of, and that he included in the charge of $50 his appearances and services for the other defendants in the action. On cross-examination the witness was asked, in substance, if he did not in fact claim an interest in the property during all the time the lien was being foreclosed. An objection to the question was sustained, and an exception was taken to the ruling of the court thereon. Defendant then offered to prove by the witness "that at the time of trial of which he speaks he claimed to have acquired the title by purchase, and was the only party against whom a judgment could be rendered foreclosing the ownership, and that instead of presenting an issue in the case by proper pleading, which would have enabled him to resist a decree of foreclosure, he did, in fact, by a general denial, preclude himself from contesting any of the allegations of the complaint, and for that reason the services which he rendered in the case were valueless; * * *" which offer was objected to by plaintiff's counsel, and sustained by the referee and an exception was taken by counsel for defendant.

An exception was also taken to the ruling of the court in sustaining an objection to the following question propounded to the plaintiff on cross-examination: "Is it not a fact that your pleading was stricken out, and that there was a judgment upon the pleadings by reason of the answer you filed being insufficient to tender an issue?"    Various questions were then asked the witness bearing upon the question of the value of his services, to which objections were sustained, and which were followed by offers to introduce evidence tending to prove that his services were entirely valueless.    We think the question clearly within the rule governing the cross-examination of a plaintiff who testifies in his own behalf in an action to recover attorney's fees, and specifies in the direct examination the amount he regards as a reasonable fee for such services.    While an attorney at law, who holds himself out to the public as such, is doubtless required to possess and exercise such legal knowledge and diligence in the conduct of professional business as is usually possessed and exercised by lawyers of ordinary ability in the management of cases entrusted to them, the fact that plaintiff was unsuccessful in the suit which he undertook to defend at the suggestion of defendant by no means controls the amount of his recovery, unless it should appear that the cause was lost by means of his neglect or lack of professional skill.    But, nevertheless, when an attorney sues for fees upon a *quantum meruit,* the character and extent of his services are always open to inquiry, and when he has testified in direct examination that his services are reasonably worth a certain amount it is competent for a defendant to propound questions to him, on cross-examination, tending to elicit statements that show that by reason of the carelessness or unskillfulness of the plaintiff such services were worth less than the amount claimed, or were in fact entirely worthless.    Caverly v. McOwen, 123 Mas. 574; Bowman v. Tallman, 40 How. Pr. 1; Reynolds v. McMillan, 63 Ill. 46; 2 Greenl. Ev. 143; Weeks, Attys. at Law, 302, and cases there cited.

Plaintiff offered in evidence at the trial a written agreement between himself and defendant, by the terms of which, in consideration of the purchase price and sale of the building involved in this suit, the defendant promised and agreed to hold plaintiff harmless, and protect his heirs and assigns against all damages, costs and expenses of any nature which he or they may sustain by reason of any existing claims or liens, and particularly by reason of any proceeding to enforce a mechanic's lien upon said property by S. M. Van Loon. Plaintiff in his own behalf testified in effect, over defendant's objection, that a judgment foreclosing the mechanic's lien upon the property purchased from the defendant was obtained, and that the property was sold at judicial sale, in satisfaction of the same, to Van Loon, and that he afterwards compromised the matter with Mr. Van Loon, and paid him $250 in satisfaction of the judgment; that after the sale, and while Mr. Van Loon was the owner of the building, an•attempt was made to remove said building, by which the same was damaged to the amount of $50, by reason of the tearing down of a portion of the chimney and the removal of stone from the foundation for the purpose of raising the building with jackscrews. Upon this evidence alone the referee found as a matter of fact that plaintiff had sustained $50 damages, and as a conclusion of law that he was entitled to recover that amount from the defendant, and judgment was entered accordingly. It will be observed that the allegation in plaintiff's complaint that, immediately upon the purchase of the building from the defendant, he sold the same to his wife, Emma A. Cranmer, free from all incumbrances, and that, under his contract of indemnity with her, he was compelled to pay or compromise the Van Loon lien and judgment by paying $250, in order to protect her title to said property, is specifically denied and put in issue by the answer herein; and in plaintiff's answer to the complaint in the foreclosure proceeding he denied that he had an interest in the property, and at the trial of this case testified to the same effect; and there is not a syllable

of evidence anywhere in the record tending to show that he now owns or ever sold the building to Emma A. Cranmer, or in any manner became liable to any one, upon a contract of indemnity or otherwise, for any damages, costs, or expenses in any manner connected with, or arising out of, any transaction relating to said property; and as the undisputed evidence shows that the building had been sold under the forclosure proceeding, and had become and was the property of Van Loon at the time the alleged damage occurred thereto, we are unable to see how plaintiff can recover therefor under the pleadings and proof before us. The judgment is therefore reversed, and a new trial ordered.